IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERISA HICKS RANEY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-CV-3256-BT |
| | § | |
| NANCY A. BERRYHILL, Acting | § | |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Plaintiff Terisa Hicks Raney brings this action for judicial review of the final decision of the Acting Commissioner of the Social Security Administration (the "Commissioner"), denying Plaintiff's claims for a period of disability and disability insurance benefits under Title II of the Social Security Act, pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this Memorandum Opinion and Order.

## BACKGROUND

Plaintiff alleges that she is disabled due to a variety of ailments including constant diarrhea, a learning disorder, and asthma. Tr. 126 [ECF No. 13-5]. After her application was denied initially and upon reconsideration, a hearing was held on March 19, 2015, in Dallas, Texas, before an Administrative Law Judge (the "ALJ"). Tr. 61 [ECF No. 13-4]. Plaintiff was born on February 4, 1970 and was 45 years old at the time of the hearing. Tr. 61-62 [ECF No. 13-4]. Plaintiff has a high

school education and attended one semester of college. Tr. 62 [ECF No. 13-4]. Plaintiff has past work experience as a food inspector, government dispatcher, and a crossing guard. Tr. 50 [ECF No. 13-3].

On June 18, 2015, the ALJ issued his decision finding that Plaintiff has not been under a disability within the meaning of the Social Security Act from September 11, 2009, through the date of his decision. Tr. 51 [ECF No. 13-3]. The ALJ determined that Plaintiff had the following severe impairments: obesity, asthma, varicose veins, diabetes mellitus, history of hip fracture, a learning disorder, and depression. Tr. 31 [ECF No. 13-3]. The ALJ stated that he agreed with the Disability Determination Services c0nsultants that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 36 [ECF No. 13-3]. However, the ALJ stated that he did not accept the opinion of the Medical Expert that Plaintiff meets Listing 12.07 for a somatoform disorder. Tr. 36.

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") for the following: (1) lift and carry 20 pounds occasionally and 10 pounds frequently; (2) stand and/or walk for a combined 2 hours and sit for 6 hours in an 8-hour workday; (3) occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds; and (4) occasionally balance with a cane, stoop, kneel, crouch, and crawl. Tr. 41 [ECF No. 13-3]. The ALJ also determined that: (1) Plaintiff must avoid even moderate exposure to pulmonary irritants, such as

fumes, dusts, and odors; (2) Plaintiff's persistence and pace is limited to 2-hour intervals; (3) Plaintiff is limited to work involving simple one or two step instructions; and (4) Plaintiff can make decisions, accept instructions, and interact adequately with co-workers and supervisors. Tr. 41.

The ALJ determined that Plaintiff was unable to perform her past relevant work, but that she had the RFC to perform sedentary work at the unskilled level. Tr. 50-51 [ECF No. 13-3]. The ALJ stated that although Plaintiff must avoid exposure to fumes and odors, this limitation appeared to have little or no effect on the occupational base of unskilled and sedentary work. Tr. 51. Plaintiff appealed the ALJ's decision to the Appeals Council, and, on September 27, 2016, the Appeals Council affirmed the ALJ's decision. Tr. 1 [ECF No. 13-3]. Plaintiff filed this action in federal district court on November 21, 2016. Compl. [ECF No. 1].

## LEGAL STANDARDS

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at the fifth step of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco*

*v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff argues that the ALJ's reliance on the grids[1] to deny benefits was erroneous because the ALJ's RFC finding contained many non-exertional limitations.[2] Pl.'s Br. 7 [ECF No. 18]. Plaintiff argues that, because the limitations the ALJ found are not explicitly addressed in the definition of sedentary work, the

---

[1] "The grids are generally a 'shortcut that eliminates the need for calling in vocational experts.' . . . The guidelines apply only when all of the claimant's qualifications match those listed in the guidelines exactly. . . . 'To establish that work exists for a claimant, the [ALJ] may rely on the Grid, only if the guidelines' evidentiary underpinnings coincide exactly with the evidence of disability appearing in the record.' . . . 'Where any one of the findings of fact does not coincide with the corresponding criterion of a rule [within the Grid], the rule does not apply in that particular case and, accordingly, does not direct a conclusion to disabled or not disabled.'" *Trevino v. Astrue*, 2009 WL 2886317, at *5 n.2 (S.D. Tex. Sept. 4, 2009) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00; *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Scott v. Shalala*, 30 F.3d 33, 34-35 (5th Cir. 1994)).

[2] "'Nonexertional' refers to work-related limitations and restrictions that are not exertional, such as mental abilities, vision, hearing, speech, climbing, balancing, stooping, kneeling, crouching, crawling, reaching, handling, fingering, and feeling. Environmental restrictions are also considered to be nonexertional." *Allsbury v. Barnhart*, 460 F. Supp. 2d 717, 721 n.7 (E.D. Tex. 2006) (citing S.S.R. 96-9P, 1996 WL 374185, at *5; 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e) (2005)).

ALJ could not use the grids at step 5 to take administrative notice of jobs in the national economy and was required to obtain guidance from a vocational expert regarding the impact of the combination of Plaintiff's non-exertional limitations before issuing an unfavorable decision. Pl.'s Br. 8.

In response, the Commissioner argues that because substantial evidence set forth in the ALJ's decision supports the ALJ's determination that Plaintiff had the RFC for sedentary work with additional non-exertional limitations that did not significantly affect her RFC, the ALJ properly relied on the grids to find that Plaintiff was not disabled. Def.'s Br. 9 [ECF No. 19]. The Commissioner argues that the Fifth Circuit has held that where a claimant experiences only exertional limitations or non-exertional limitations that do not significantly affect the claimant's RFC, the ALJ can properly rely on the grids to determine that there is other work that the claimant can perform. Def.'s Br. 9 (citing *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990)). The Commissioner states that the ALJ set forth the non-exertional limitations, relied on the grids to find that Plaintiff was not disabled at step five, and discussed how neither the simple instructions restriction nor the restriction on exposure to pulmonary irritants eroded the occupational based so that he could not properly rely on the grids. Def.'s Br. 9-10 (citing *Guillory v. Barnhart*, 129 F. App'x 873 (5th Cir. 2005); Tr. 49, 51).

In her reply, Plaintiff argues that the case on which the Commissioner relies, *Guillory v. Barnhart*, did not make the findings the Commissioner represents. Plaintiff further argues the Commissioner's response failed to address

Plaintiff's argument that the ALJ failed to properly evaluate the unique combination of Plaintiff's non-exertional impairments. Reply 2 [ECF No. 20]. Plaintiff contends that no agency authority suggests that the combined effects of the postural, environmental, and mental limitations set forth in the ALJ's RFC do not significantly impact the job base. Reply 3.

"[W]hen nonexertional limitations are shown, a disability decision cannot be made solely on the basis of the vocational guidelines." *See Martin*, 748 F.2d 1027, 1034-35 (5th Cir. 1984); Pl.'s Br. 7. However, under Fifth Circuit precedent, "the mere presence of a nonexertional impairment does not preclude the use of the Grid Rules. . . . If those impairments do not have a significant effect on [the claimant's] residual functional capacity, use of the Grid Rules is appropriate." *Guillory*, 129 F. App'x at 874 (citing *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987)); Def.'s Br. 10. Here, the ALJ observed that the "need to avoid exposure to fumes and odors appears to have little or no effect on the occupational base of unskilled, sedentary work." Def.'s Br. 9; Tr. 51. However, the ALJ did not address the effect of the simple instructions restriction on the occupational base; nor did the ALJ explain the combined effects of Plaintiff's postural, environmental, and mental non-exertional limitations on the occupational base. Reply 3; Tr. 41, 49, 51. Thus, it is not clear from the ALJ's decision that the ALJ considered all of Plaintiff's non-exertional limitations, or the combined effects of those limitations, on the occupational base, such that the ALJ's reliance on the grids was appropriate.  The ALJ acknowledged in his decision that reliance on the grids is

proper only where the occupational base is not significantly eroded by Plaintiff's non-exertional limitations. Tr. 49.

"The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (citing *Knipe v. Heckler*, 755 F.2d 141, 149 n.16 (10th Cir. 1985); *Dong Sik Kwon v. Immigration & Naturalization Serv.*, 646 F.2d 909, 916 (5th Cir. 1981)); *see also Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) ("It is well-established that [the Court] may only affirm the Commissioner's decision on the grounds which [s]he stated for doing so."). In this case, the ALJ's decision does not establish that Plaintiff could be found disabled based on the grids, in consideration of the combination of non-exertional limitations found by the ALJ. There is a realistic possibility that, if the ALJ considered the effect of all of Plaintiff's non-exertional limitations, the ALJ would have reached a different conclusion because he would not have relied on the grids. Therefore, a remand is warranted. *See Wilder*, 2014 WL 2931884, at *5.[3]

## CONCLUSION

For the foregoing reasons, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this Memorandum Opinion and Order.

---

[3] Because the Court finds that remand is warranted, the Court pretermits consideration of Plaintiff's alternative argument for reversal, as she can raise that argument before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

SO ORDERED.

March 12, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE